**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

APR 0 5 2011 NH

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| ALAN KASS, | ) |
| SAWYER K. CADE, | ) |
|     a/k/a "Alexander E. Swing" and | ) |
|     "Xander Swing," and | ) |
| JOHN PANOS | ) |

No. **11CR0262**

Violations: Title 18, United States, Code, Sections 1341 and 1343

JUDGE KOCORAS

MAGISTRATE JUDGE DENLOW

The SPECIAL FEBRUARY 2011-1 GRAND JURY charges:

1.  At times material to this indictment:

    a.  Defendant ALAN KASS was a resident of Illinois and an owner-operator and President of Kass-Meridian Gallery ("KMG"), also doing business as Allegro Art, located at 325 W. Huron Street, Suite 315, Chicago, Illinois; this Illinois business engaged in the sale and distribution of artwork, including items which were purported to be original limited edition fine art prints and other original artworks.

    b.  Defendant SAWYER K. CADE, aka "Alexander E. Swing" and "Xander Swing," was a resident of Illinois and an employee of KMG, and maintained two websites for KMG and sold artwork via these websites and on eBay for this business.

    c.  Defendant JOHN PANOS was a resident of New York and Florida and a principal in Equity Art Brokers and Prestige Art, businesses which engaged in the distribution and sale of artwork throughout the United States.

d.      Michael Zabrin was a resident of Illinois and a principal in Fineartmasters and Zfineartmasters, Illinois businesses which engaged in the sale and distribution of artwork purporting to be original limited edition fine art prints, to other art dealers and to consumers.

e.      Leon Amiel, Jr. was a resident of New York and a principal in Glass Inter Corp and LLA International, New York businesses which engaged in the printing, distribution and sale of artwork throughout the United States.

f.      A market existed for original limited edition fine art prints. Such prints were prepared from a master impression created by the artist, or under his direct supervision. The prints were thereafter produced in a quantity determined by the artist. The prints were signed by the artist, and each print in the sequence was uniquely labeled with a different number, except for a small number of copies retained by the artist or publisher for his own use. The market for such prints was determined in part by consideration of rarity and authenticity.

g.      eBay was an Internet auction site available on the World Wide Web at which computer users could mass-advertise items for sale by the process of auction. Sellers transmitted information, via computer to the eBay website, describing the property for sale and inviting bids on the property. Potential customers, by transmitting information via computer, bid on items for sale. The highest bidder would be deemed the winner of the auction, and the seller of the item and the buyer then communicated in order to arrange shipment of, and payment for, the merchandise.

h.      As part of the eBay registration process, all eBay users had to agree to comply with eBay's User Agreement. The User Agreement prohibited the sale of counterfeits as well as unauthorized replicas or copies.

2.      Between approximately 1991 and January 2008, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

ALAN KASS,
SAWYER K. CADE,
a/k/a "Alexander E. Swing" and "Xander Swing," and
JOHN PANOS,

defendants herein, together with Michael Zabrin, Leon Amiel, Jr., and others known and unknown, devised and intended to devise, and participated in, a scheme to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, in connection with the sale of counterfeit, unauthorized, and forged limited edition fine art prints and other artworks, which scheme is further described below.

3.      It was part of the scheme that defendant ALAN KASS knowingly acquired from various sources, including defendant JOHN PANOS and co-schemer Michael Zabrin, counterfeit and unauthorized prints and other artworks of well-known artists, including among others, Alexander Calder, Salvador Dali, Marc Chagall, Roy Lichtenstein, Joan Miro, Pablo Picasso, Marino Marini, Keith Haring, and Andy Warhol, in order to distribute and sell them as original limited edition fine art prints and other original works of art, despite knowing that many of the counterfeit and unauthorized artworks that defendant KASS had acquired bore forged signatures

3

and/or false numerical or other markings making them appear as if they had been part of an original limited edition or had been prepared for the artist's own use.

4.    It was further part of the scheme that defendants ALAN KASS and SAWYER K. CADE sold the counterfeit and unauthorized artworks, including on eBay and at auctions, by falsely representing that the artworks they were selling were genuine limited edition prints or other works of art signed and authorized by the artists.

5.    It was further part of the scheme that defendant JOHN PANOS distributed to his co-schemers, including defendant ALAN KASS and Michael Zabrin, numerous counterfeit and unauthorized prints of prominent artists including Alexander Calder, Marc Chagall, Salvador Dali, Marino Marini, Joan Miro, and Pablo Picasso, many of which he had purchased from Leon Amiel, Jr., knowing that defendant KASS and Zabrin intended to sell the counterfeit and unauthorized prints as genuine works by those artists.

6.    It was further part of the scheme that defendant JOHN PANOS forged the signatures of certain artists, including Calder, Chagall, Miro, Picasso, Dali, and Marini, on some of the counterfeit and unauthorized prints he had received from Leon Amiel, Jr. and other sources, knowing that defendant ALAN KASS and co-schemer Michael Zabrin intended to sell the prints as works signed by the artists.

7.    It was further part of the scheme that defendants ALAN KASS and JOHN PANOS caused to be placed false numerical or other markings on counterfeit and unauthorized artworks,

4

making them appear as if they had been part of an original limited edition or had been prepared by the artist or for the artist's own use.

8. It was further part of the scheme that defendant ALAN KASS sold counterfeit and unauthorized artwork to co-schemer Michael Zabrin, knowing that this counterfeit and unauthorized artwork would be sold to the public as genuine art.

9. It was further part of the scheme that defendants ALAN KASS and SAWYER K. CADE utilized the Internet auction site eBay, as well as the Internet websites www.kassmeridian.com and www.allegroart.com, to knowingly sell counterfeit and unauthorized artwork to consumers in the United States and throughout the world. Additionally, defendants KASS and CADE knowingly sold counterfeit and unauthorized artwork to consumers at KMG and through auctions.

10. It was further part of the scheme that after eBay removed the listings of certain artworks offered for sale by defendants ALAN KASS and SAWYER K. CADE for violating eBay rules against the sale of counterfeit and unauthorized artworks, defendant KASS caused defendant CADE to relist the items for sale on eBay and to attempt to sell them by other means.

11. It was further part of the scheme that defendants ALAN KASS and SAWYER K. CADE created and provided to some customers "certificates of authenticity" signed by defendant KASS, which they knew contained false representations about the artist, year of publication and number in the edition of the counterfeit and unauthorized prints defendants KASS and CADE were selling.

5

12. It was further part of the scheme that defendants ALAN KASS and SAWYER K. CADE used the United States mail and commercial interstate carriers to send artwork, invoices and other related documents, including certificates of authenticity, related to defendant KASS's sale of art, including counterfeit and unauthorized artwork, from KMG in Chicago, Illinois, as well as to receive payments for such artwork from customers.

13. It was further part of the scheme that defendant ALAN KASS sold hundreds of counterfeit and unauthorized prints and other purported original artworks to victims throughout the United States and other countries during the course of the scheme, and received in excess of $480,000 for these artworks.

14. It was further part of the scheme that defendants ALAN KASS, SAWYER K. CADE, and JOHN PANOS and their co-schemers misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of and acts done in furtherance of the aforementioned scheme.

15. On or about April 6, 2006, at Chicago, in the Northern District of Illinois, and elsewhere,

ALAN KASS,<br>
SAWYER K. CADE,<br>
a/k/a "Alexander E. Swing" and "Xander Swing," and<br>
JOHN PANOS,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be deposited a matter or thing to be sent or delivered by a private or commercial interstate carrier, namely, a counterfeit and unauthorized copy of what purported to

6

be an artist-signed original limited edition "Green Bird" print by Marc Chagall, to be delivered by Federal Express from Kass Meridian Gallery, 325 W. Huron Street, Suite 315, Chicago, IL 60610 to Victim A in Covington, LA;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One are incorporated here.

2.     On or about April 25, 2006, at Chicago, in the Northern District of Illinois, and elsewhere,

ALAN KASS and
SAWYER K. CADE,
a/k/a "Alexander E. Swing" and "Xander Swing,"

defendants herein, for the purpose of executing the aforesaid scheme, knowingly caused to be transmitted in interstate commerce between Chicago, Illinois and Dupont, Washington, certain signs and signals, namely, an e-mail from KMG to Victim A which contained false representations: (1) that a purported Marc Chagall lithograph entitled "Green Bird" was "an original lithograph by Marc Chagall" and (2) that defendant KASS had obtained the "Green Bird" and a Lichtenstein print, both of which he had sold to Victim A on or about April 6, 2006, "from dealers in Europe who sell and specialize in these works";

In violation of Title 18, United States Code, Sections 1343.

8

## COUNT THREE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.    Paragraphs 1 through 14 of Count One are incorporated here.

2.    On or about April 20, 2006, at Chicago, in the Northern District of Illinois, and elsewhere,

## ALAN KASS,

defendant herein, for the purpose of executing the aforesaid scheme, knowingly caused to be transmitted in interstate commerce between KMG, doing business as Allegro Art, in Chicago, Illinois and an eBay server in California, certain writings, signs, signals and sounds, namely, a posting containing false representations that the counterfeit and unauthorized Salvador Dali print entitled "Discovery of America by Christopher Columbus" that KMG, doing business as Allegro Art, offered for sale was authentic and had been pencil signed and numbered by the artist;

In violation of Title 18, United States Code, Sections 1343.

## COUNT FOUR

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.    Paragraphs 1 through 14 of Count One are incorporated here.

2.    On or about May 2, 2006, at Chicago, in the Northern District of Illinois, and elsewhere,

## ALAN KASS,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be deposited a matter or thing to be sent or delivered by a private or commercial interstate carrier, namely, a counterfeit and unauthorized copy of what purported to be an artist-signed original limited edition "Discovery of America by Christopher Columbus" print by Salvador Dali, to be delivered by Emery/Menlo Worldwide from Kass Meridian Gallery, 325 W. Huron Street, Suite 315, Chicago, IL 60610 to Victim B in Birmingham, AL;

In violation of Title 18, United States Code, Section 1341.

## COUNT FIVE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1. Paragraphs 1 through 14 of Count One are incorporated here.

2. On or about July 13, 2006, at Chicago, in the Northern District of Illinois, and elsewhere,

ALAN KASS and
SAWYER K. CADE,
a/k/a "Alexander E. Swing" and "Xander Swing,"

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be delivered by United States mail, according to the direction thereon, five United States Postal money orders totaling $4,500, in payment for a purported pencil-signed and numbered original limited edition lithograph by Roy Lichtenstein entitled "Still Life with Lemon and Glass," in an Express Mail package addressed as follows:

Kass-Meridian Gallery
Attn: Xander
325 W. Huron – Suite 315
Chicago, IL 60610;

In violation of Title 18, United States Code, Sections 1341.

## COUNT SIX

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One are incorporated here.

2.     On or about July 17, 2006, at Chicago, in the Northern District of Illinois, and elsewhere,

ALAN KASS and
SAWYER K. CADE,
a/k/a "Alexander E. Swing" and "Xander Swing,"

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be delivered by United States mail, according to the direction thereon, a counterfeit and unauthorized copy of what purported to be a pencil-signed and numbered original limited edition lithograph by Roy Lichtenstein entitled "Still Life with Lemon and Glass," contained in a mailing tube addressed as follows:

Jack Parks
PO Box 2462
Bridgeview, IL 60455-2462;

In violation of Title 18, United States Code, Sections 1341.

12

## COUNT SEVEN

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1. Paragraphs 1 through 14 of Count One are incorporated here.

2. On or about December 19, 2006, at Chicago, in the Northern District of Illinois, and elsewhere,

### ALAN KASS,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be deposited a matter or thing to be sent or delivered by a private or commercial interstate carrier, namely, a counterfeit and unauthorized copy of what purported to be an artist-signed original limited edition "Horse and Rider" print by Salvador Dali, to be delivered by Federal Express from Kass Meridian Gallery, 325 W. Huron Street, Suite 315, Chicago, IL 60610 to Victim C in West Jefferson, NC;

In violation of Title 18, United States Code, Section 1341.

## COUNT EIGHT

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One are incorporated here.

2.      On or about December 19, 2006, at Chicago, in the Northern District of Illinois, and elsewhere,

## ALAN KASS,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, to be delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Victim C in West Jefferson, NC, containing a certificate of authenticity for a purported artist-signed lithograph by Salvador Dali with the title "The Horse and Rider";

In violation of Title 18, United States Code, Section 1341.

14

## COUNT NINE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.    Paragraphs 1 through 14 of Count One are incorporated here.

2.    On or about January 2, 2007, at Chicago, in the Northern District of Illinois, and elsewhere,

## ALAN KASS,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be deposited a matter or thing to be sent or delivered by a private or commercial interstate carrier, namely, a counterfeit and unauthorized copy of what purported to be an artist-signed color etching by Salvador Dali with the title "Lady Godiva," along with a related invoice and certificate of authenticity, to be delivered by Federal Express from Kass Meridian Gallery, 325 W. Huron Street, Suite 315, Chicago, IL 60610 to Victim C in West Jefferson, NC;

In violation of Title 18, United States Code, Section 1341.

15

## COUNT TEN

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One are incorporated here.

2.      On or about March 27, 2007, at Chicago, in the Northern District of Illinois, and elsewhere,

## ALAN KASS,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be placed in an authorized depository for mail matter, to be delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Kass Meridian Gallery in Chicago, Illinois, containing a check from Auction House A dated March 27, 2007, payable to Kass Meridian Gallery in the amount of $8,482.50, which check represented the proceeds of the sale of several pieces of art consigned by KMG to Auction House A, which included a counterfeit and unauthorized copy of what purported to be a serigraph by Roy Lichtenstein with the title "Hopeless";

In violation of Title 18, United States Code, Sections 1341.

## COUNT ELEVEN

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.      Paragraphs 1 through 14 of Count One are incorporated here.

2.      On or about April 24, 2007, at Chicago, in the Northern District of Illinois, and elsewhere,

## ALAN KASS,

defendant herein, for the purpose of executing the aforesaid scheme, knowingly caused to be transmitted in interstate commerce between KMG, doing business as Allegro Art, in Chicago, Illinois and an eBay server in California, certain writings, signs, signals and sounds, namely, a posting containing false representations that the counterfeit and unauthorized Salvador Dali etching entitled "The Cosmic Horseman" that KMG, doing business as Allegro Art, offered for sale was authentic, had been pencil signed by the artist, and that no catalogue references for this work were available;

In violation of Title 18, United States Code, Sections 1343.

17

## COUNT TWELVE

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.    Paragraphs 1 through 14 of Count One are incorporated here.

2.    On or about May 7, 2007, at Chicago, in the Northern District of Illinois, and elsewhere,

## ALAN KASS,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be deposited a matter or thing to be sent or delivered by a private or commercial interstate carrier, namely, a counterfeit and unauthorized copy of what purported to be an artist-signed original limited edition etching entitled "The Cosmic Horseman" by Salvador Dali, to be delivered by Federal Express from Kass Meridian Gallery, 325 W. Huron Street, Suite 315, Chicago, IL 60610 to Victim D in Carlisle, MA;

In violation of Title 18, United States Code, Section 1341.

## COUNT THIRTEEN

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.     Paragraphs 1 through 14 of Count One are incorporated here.

2.     On or about June 18, 2007, at Chicago, in the Northern District of Illinois, and elsewhere,

### ALAN KASS,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, knowingly caused to be deposited a matter or thing to be sent or delivered by a private or commercial interstate carrier, namely, a counterfeit and unauthorized item that purported to be a framed Campbell's Soup Can Label, allegedly hand-signed by Andy Warhol in black magic marker, to be delivered by Federal Express from Kass Meridian Gallery, 325 W. Huron Street, Suite 315, Chicago, IL 60610 to Victim E in Schenectady, NY;

In violation of Title 18, United States Code, Section 1341.

## FORFEITURE ALLEGATION

The SPECIAL FEBRUARY 2011-1 GRAND JURY further charges:

1.    The allegations contained in Counts One through Thirteen of this Indictment are realleged and incorporated herein by reference for the purpose of alleging that certain property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    As a result of his violations of Title 18, United States Code, Sections 1341 and 1343, as alleged in the foregoing Indictment,

### ALAN KASS,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all right, title and interest in property, real and personal, which constitutes and is derived from proceeds traceable to the charged offenses.

3.    The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) include, but are not limited to $480,000.

4.    If any of the property subject to forfeiture and described above, as a result of any act or omission of the defendant:

   (a)    Cannot be located upon the exercise of due diligence;

   (b)    Has been transferred or sold to, or deposited with, a third party;

(c)     Has been placed beyond the jurisdiction of the Court;

(d)     Has been substantially diminished in value; or

(e)     Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property, under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

21